## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-22991-BLOOM

PHAION CALVIN WASHINGTON,

    Petitioner,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

### **ORDER OF DISMISSAL**

**THIS CAUSE** is before the Court upon *pro se* Petitioner Phaion Calvin Washington's Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By a Person in State Custody, Request for Extension of Time ("Request"), ECF No. [1], filed on August 6, 2021.[1] The Court has carefully reviewed the Request, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Request is denied, and the case is dismissed for lack of jurisdiction.

Petitioner, a state prisoner, is currently confined at the Northwest Florida Reception Center. *Id.* He seeks a 15-day extension to file a 28 U.S.C. § 2254 petition challenging his sentence and conviction entered in the Eleventh Judicial Circuit in Miami-Dade County, Florida, case number F16-12172B. *Id.* Petitioner states that the deadline to file his § 2254 petition was August 6, 2021. *Id.* Petitioner alleges that he requires the extension for two reasons: (1) due to difficulties

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations and internal quotation marks omitted).

comprehending "the rules [and] procedures as well as the proper steps that are required in presenting a facially sufficient motion" without the assistance of an attorney; (2) the Florida Department of Corrections transferred Petitioner from Lawley Corrections to Northwest Florida Reception Center "at the closing days of [his] deadline." *Id.* Petitioner has not attached a proposed petition, nor has he indicated what claims he intends to raise therein. Construing Petitioner's allegations liberally, as afforded *pro se* litigants, *Haines v. Kerner*, 404 U.S. 519 (1972), Petitioner appears to request a hold or stay of the expiration of the federal one-year limitations period. *See* 28 U.S.C. § 2244(d) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

It is well-established that the subject-matter jurisdiction of federal courts is limited to actual cases and controversies. U.S. Const. art. III, §§ 1-2; *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (per curiam). The timeliness of a yet-to-be filed federal habeas petition does not present a case or controversy for a district court to resolve. *Swichkow v. United States*, 565 F. App'x 840, 844 (11th Cir. 2014) (per curiam); *see also Isaacs v. Head*, 300 F.3d 1232, 1239 (11th Cir. 2002) (holding that under § 2244(d), habeas case was pending only from the time that petitioner filed his actual § 2254 petition). Simply put, "[f]ederal courts do not lightly grant relief in non-existent cases. Still less do they offer advisory opinions about what they might do *if* an action were filed." *United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016) (emphasis in original); *see also Myers v. Hodges*, No. 17-cv-13-RV-CJK, 2017 WL 976631, at *1 (N.D. Fla. Feb. 9, 2017), *report and recommendation adopted*, 2017 WL 970274, at *1 (N.D. Fla. Mar. 13, 2017) ("The court cannot provide petitioner legal advice or an advisory opinion concerning whether his state court filing satisfies the exhaustion requirement, the timeliness of a prospective federal habeas petition not yet filed, how the federal habeas statute of limitations will be calculated, or whether statutory or equitable tolling will apply.").

Petitioner has not filed a substantive § 2254 petition, nor has he raised constitutional claims for relief in his Request. Thus, it is improper for the Court to construe the Request as a substantive § 2254 petition. Accordingly, because no § 2254 petition has been filed, the Court is without jurisdiction to consider Petitioner's Request to toll the statute of limitations. *See Swichkow*, 565 F. App'x at 844.

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal and instead must obtain a certificate of appealability to do so. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). It is appropriate to issue a certificate of appealability where a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's claim on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong in order to be issued a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Alternatively, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* As Petitioner has failed to set forth any constitutional claims requiring the Court to engage in a procedural or substantive review, the Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By a Person in State Custody, Request for Extension of Time, **ECF No. [1]**, is **DENIED** and the case is **DISMISSED** for **lack of jurisdiction**.

2. No certificate of appealability shall issue.

Case No. 21-cv-22991-BLOOM

3. If Petitioner wishes to file a 28 U.S.C. § 2254 petition, he should do so by filing a separate § 2254 habeas corpus petition, on the proper form, along with the $5.00 filing fee or an application to proceed *in forma pauperis*.

4. The Clerk of Court is **DIRECTED** to provide Petitioner with a copy of the form for Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus.

5. To the extent not otherwise disposed of, any pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

6. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 19, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Phaion Calvin Washington, *Pro Se*
#443432
Northwest Florida Reception Center—Annex
Inmate Mail/Parcels
4455 Sam Mitchell Drive
Chipley, FL 32428